IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| AMIT KUMAR,<br><br>*Petitioner*,<br><br>v.<br><br>MARKWAYNE MULLIN, Secretary, Department of Homeland Security; TODD M. LYONS, Acting Director, U.S. I.C.E.; ALEXANDER SANCHEZ, Warden, IAH Secure Adult Detention Facility,<br><br>*Respondents*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 9:26-CV-00533<br>JUDGE MICHAEL J. TRUNCALE |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Amit Kumar (Kumar)'s Petition for Writ of Habeas Corpus (the "Petition") [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

## I. BACKGROUND

Petitioner Kumar is an Indian national who entered the United States on or about March 4, 2023. [Dkt. 5 at 1]. On October 1, 2024, an immigration judge in Portland, Oregon, ordered that Kumar be removed to India, finding that he was not credible. [Dkt. 1 at 5]. Kumar's appeal of the decision is still pending. *Id.* On June 4, 2025, ICE took Kumar into custody in Tacoma, Washington. *Id.* He was subsequently transferred to a facility in Natchez, Mississippi in October 2025, and then to the IAH Secure Adult Detention Facility in Livingston, Texas, in April 2026. *Id.* at 6.

On July 20, 2026, Kumar brought a habeas corpus petition, claiming that his detention violates the Fifth Amendment to the United States Constitution,[1] and that he is part of the protected class noted by the Central District of California in *Batista et al. v. Noem et al.*, No. 5:25-cv-01873-SSS, BFM.

[1] Specifically, Kumar claims that his detention without a bond hearing violates both his Due Process rights, that the conditions of his confinement violate Due Process, and that his transfers between facilities without notice violated Due Process. [Dkt. 1 at 11, 13].

[Dkt. 1 at 11, 13]. Kumar further alleges that his detainment without an individualized hearing violates the Immigration and Nationality Act ("INA").[2] [Dkt. 1 at 13]. On August 10, 2026, the Court ordered Respondent to show cause why Kumar's Petition for Writ of Habeas Corpus should not be granted. [Dkt. 4]. Respondent filed its response on August 18, 2026. [Dkt. 5]. Kumar's Petition is ripe for review.

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

## III. DISCUSSION

### A. Due Process

Kumar argues that the Government violated due process by failing to provide him with a bond hearing before an immigration judge. *See* [Dkt. 1 at 11, 13]. The Fifth Circuit, in a split decision, recently held that the Due Process Clause requires the Government to provide a bond hearing to aliens held under Section 1225(b)(2)(A) within 90 days. *Rodriguez v. Ortega*, No. 26-50183, 2026 WL 1906557, at *16 (5th Cir. July 2, 2026), *reh'g en banc granted, opinion vacated*, No. 26-50183, 2026 WL 2014647 (5th Cir. July 10, 2026). This decision was vacated, and rehearing en banc granted, on July 10, 2026. *Rodriguez v. Ortega*, No. 26-50183, 2026 WL 2014647, at *1 (5th Cir. July 10, 2026).

Even so, the Fifth Circuit in *Rodriguez* did not hold that habeas is the proper form of relief.

[2] Kumar packages this claim with Due Process. [Dkt. 1 at 13].

Under *Carson*, he still would not be entitled to habeas relief. *See Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) (Smith, J.). Kumar's due-process arguments are not based on the illegality of his confinement itself, but on the illegality of the Government's failure to provide a bond hearing. *See* [Dkt. 1 at 11, 13]. Kumar's unlawful entry and continued unlawful presence in the United States are undisputedly valid reasons for confining him during removal proceedings. *See* 8 U.S.C. §§ 1182(a)(6)(A)(1), 1227(a)(1)(A). Accordingly, Kumar's due-process claims are ill-suited for a habeas proceeding, which is "not available to review questions unrelated to the *cause of detention*."[3] *See Pierre*, 525 F.2d at 935 (emphasis added).

Due-process challenges to procedures like bond hearings, which "affect[] the timing of [a prisoner's] release from custody," must normally be brought via a civil-rights action, not a habeas proceeding. *See Carson*, 112 F.3d at 820–21. A habeas petition is the proper device for raising such a challenge only when the challenged procedure would result in the petitioner's automatic release from custody if adequately performed. *See id.*

Here, a properly conducted bond hearing would not invariably result in Kumar's being granted bond. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Even if an alien receives a bond hearing, the presiding immigration judge may order the alien's continued detention. *Id.* §§ 236.1(d)(1), 1236.1(d)(1). Because a bond hearing would not have guaranteed Kumar's release from custody, his failure to receive one does not entitle him to habeas relief. *See Carson*, 112 F.3d at 820–21. This is because the alleged violation was not by way of Kumar's detention, but the Government's failure to provide him with a bond hearing once he was already detained. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Accordingly, a habeas proceeding is not the proper arena for Kumar to raise a due-process challenge to the Government's failure to afford him a bond hearing. *See Carson*, 112 F.3d at 820–21.

In addition to this, Kumar challenges the conditions and procedures of his confinement. [Dkt.

[3] *See also Wilkinson v. Dotson*, 544 U.S. 74, 86 (2005) (Scalia, J., concurring).

1 at 11]. Generally, civil-rights suits are the proper vehicle to challenge unconstitutional conditions of confinement and confinement procedures, while a habeas petition is the proper vehicle to seek release from custody. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). Furthermore, the Fifth Circuit has adopted a bright-line rule in regard to such allegations, holding that if a favorable determination "would not automatically entitle [the petitioner] to accelerated release," the claim is not properly brought in a habeas proceeding. *Id.* at 821. Because Kumar's allegations regarding the conditions and procedures of his confinement would not automatically entitle him to release from custody, they do not provide a basis for habeas relief. *See id.* at 820–21.

**B. *Maldonado Bautista***

The limitations of habeas corpus relief are also pertinent to Kumar's *Maldonado Bautisa* argument. Even if the Court were to follow the declaratory judgment in *Maldonado Bautista*, a writ of habeas corpus is not the proper vehicle. Habeas relief "may not be used to correct mere irregularities or errors of law." *Wooten v. Bomar*, 267 F.2d 900, 901 (6th Cir. 1959). Habeas is only to be used for release "from unlawful imprisonment or custody," and "any other purpose" is invalid. *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976); Carson, 112 F.3d at 820–21. The fact that officials may have "failed to follow their own policies, without more, does not constitute a violation of due process." *Iruegas-Maciel v. Dobre*, 67 F.App'x 253 (5th Cir. 2003) (citing *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996)).

**C. Violation of INA**

Kumar challenges the Government's authority to detain him while removal proceedings are pending, specifically asserting that his detention is unduly prolonged. [Dkt. 1 at 13]. His challenge is misplaced for a few reasons. At least two sections of the INA—section 1225(b)(2)(A) and section 1226(a)—authorize detention of aliens during removal proceedings. 8 U.S.C. §§ 1225(b)(2)(A), 1226(a). In fact, under section 1225(b)(2)(A), an alien *must* be detained during removal proceedings if he is "not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). Even when

an alien undergoing removal proceedings is not subject to mandatory detention under section 1225(b)(2)(A), Kumar argues, section 1226(a) gives the Government the option of detaining the alien pending removal. *See* 8 U.S.C. § 1226(a). Because Kumar is an alien undergoing removal proceedings, he is at least subject to discretionary detention under section 1226(a).

Even more, the Fifth Circuit recently considered and rejected similar arguments. In *Buenrostro-Mendez v. Bondi*, the Fifth Circuit found that the mandatory detention procedures in § 1225(b)(2)(A) apply to aliens who have entered the United States without inspection and have been subsequently detained. 166 F.4th 494 (5th Cir. 2026). It is of no moment that prior administrations' policy approaches were different; the statute's text controls. *See id.*

## IV. CONCLUSION

It is therefore **ORDERED** that Kumar's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. All pending motions are hereby **DENIED AS MOOT**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 17th day of September, 2026.**

Michael J. Truncale
United States District Judge